446 P.2d 310

**Edwin PAPSE, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, et al., District Court of Box Elder County, State of Utah, Defendants and Respondents.**

**No. 11111.**

Supreme Court of Utah.

Oct. 24, 1968.

---

1. Title 41–12–8, U.C.A.1953.

2. 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

---

F. Robert Reeder, pro se.

Phil L. Hansen, Atty. Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, for respondents.

HENRIOD, Justice:

Appeal from a denial of a petition for writ of habeas corpus. Affirmed.

Papse, an Indian, 23 years of age, with an eighth grade education, along with another Indian boy, was charged with rape. He pleaded guilty after the court insisted that he be respresented by counsel, even though P, from the beginning, insisted that he did not want an attorney, but wanted to "get it over with."

In his petition he stated that he did not know the consequences of his guilty plea, that the sheriff advised him to plead guilty, assuring him that the former would see to it that there would only be a one-year county jail sentence,—all irrespective of the fact that the sheriff of a quarter century's service and experience categorically denied under oath that he made any such statements; that his appointed attorney likewise stated he told P the consequences of his plea; although the trial court insisted on his having counsel, and although defendant admitted he served better than two years in a sister state's prison, which would tend to indicate some acquaintance with the consequences resulting from a plea of guilty to a felony charge.

It is interesting to note that Papse's co-defendant was ordered released and returned to custody to stand trial. It is equally interesting to note that upon inquiry of one of the justices on oral argument as to disposition of the other boy's case, it was reported that the complaining witness was unavailable to testify.

The record in this case reflects that every opportunity was advanced to protect defendant's rights, but that defendant insisted that he wanted no legal assistance, (but got it anyway), and that as for a trial, he wanted none of it. The trial court extended himself to assist this young man by recommending to the Board of Pardons that he be confined for only a year.

We can see no justification in doing else than sustaining the trial judge.

CROCKETT, C. J., CALLISTER, TUCKETT, and ELLETT, JJ., concur.